UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOMINGO RANO, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-9577** |
| **STATE FARM INSURANCE COMPANY, ET AL.** | * | **SECTION "L" (3)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 3). For the following reasons, the Plaintiffs' motion is now GRANTED IN PART.

## I.     BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 2208 Robin Street in St. Bernard, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"),[1] the Plaintiffs' homeowners' insurance carrier, and Edward Schaumburg, a State Farm agent.

On September 15, 2006, the Plaintiffs filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. The Plaintiffs allege that they are entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiffs also allege that Schaumburg failed to properly and accurately advise them of applicable exclusions in their policy and failed to procure adequate insurance.

---

[1] The Defendant was improperly named as State Farm Insurance Company in the petition.

1

State Farm removed this case to federal court on November 3, 2006, contending that this Court has jurisdiction under any of the following provisions: (1) diversity jurisdiction under 28 U.S.C. § 1332, because Schaumburg is improperly joined and the amount in controversy exceeds $75,000; (2) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369; or (3) supplemental jurisdiction under 28 U.S.C. § 1367. On November 22, 2006, the Plaintiffs filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.     Diversity Jurisdiction

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, State Farm asserts that diversity jurisdiction exists because Schaumburg, the non-diverse defendant, was improperly joined and, therefore, that the Court must disregard his citizenship. "The burden of proving a fraudulent joinder is a heavy one," and the burden is

borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

State Farm asserts that the Plaintiffs' claims against Schaumburg are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents.  Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed.  Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed.  State Farm argues that Schaumburg was not the agent who first procured the Plaintiffs' policy in 1986, but only became the agent of record as of August 24, 2004, and therefore owes no duties to the Plaintiffs.  Without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against the in-state defendant in this case. *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Schaumburg was not improperly joined and, thus, that diversity

jurisdiction does not exist in this case. *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[2]

### B. Multiparty, Multiforum Trial Jurisdiction Act

State Farm also asserts that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"). State Farm contends that removal was proper (1) pursuant to 28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the Defendant is a party to other actions in this district which were or could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location." *See, e.g., Case v. ANPAC La. Ins. Co.*, ___ F. Supp. 2d ___, 2006 WL 3615064, at *6-15 (E.D. La. Dec. 11, 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006). This Court agrees and finds that the MMTJA does not confer federal jurisdiction in this case.

---

[2] Having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.

### C. Supplemental Jurisdiction

State Farm also contends that this Court has supplemental jurisdiction in this case under 28 U.S.C. § 1367 because a similar case is currently pending in this Section, entitled *Rano, et al. v. State Farm Insurance Co., et al.*, No. 06-9047 (E.D. La. filed Oct. 25, 2006). The earlier-filed case involves damage to the Plaintiffs' property at 2208 Robin Street, which is on the same block as the property involved in this case, and the same defendants.

Courts have held that claims by the same plaintiff against various insurers arising out of damage to one property present "an appropriate occasion for the exercise of the Court's supplemental jurisdiction." *Perret v. Am. Nat. Prop. & Cas.*, Nos. 06-4618 & 06-6867, 2006 WL 3412267 (E.D. La. Nov. 27, 2006); *see Winkler v. State Farm Fire & Cas. Co.*, 266 F. Supp. 2d 509 (S.D. Miss. 2003). On the other end of the spectrum, courts have held that claims by multiple plaintiffs against different insurers for damages to different properties "do not involve a common nucleus of operative fact," and thus do not justify an exercise of supplemental jurisdiction. *Accardo v. Lafayette Ins. Co.*, No. 06-8568, 2007 WL 325368, at *4-9 (E.D. La. Jan. 30, 2007) ("[T]he only factual overlap among these actions is that plaintiffs' properties were affected by the winds and rains of Hurricanes Katrina and/or Rita.").

However, it is unnecessary to address this issue as the other case is also being remanded to state court by separate order due to lack of subject matter jurisdiction. Thus, the Court does not have supplemental jurisdiction over this case.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED IN PART and that this matter is hereby REMANDED to the 34th Judicial District

Court for the Parish of St. Bernard, State of Louisiana.  However, the Plaintiffs' request for attorneys' fees and costs is DENIED.

New Orleans, Louisiana, this  4th  day of   May  , 2007.

_____

UNITED STATES DISTRICT JUDGE